IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTONIO T. SMITH,

    **Plaintiff,**

    v.                                         CASE NO. 25-3047-JWL

ROBERT VIEYRA, et al.,

    **Defendants.**

**MEMORANDUM AND ORDER**

    Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On April 16, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 6) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's response (Doc. 10).

    Plaintiff alleges as Count I that he was denied due process at his prison disciplinary proceedings. (Doc. 1, at 3.) Plaintiff alleges that his disciplinary report ("DR") should have been thrown out for lack of evidence. *Id*. Plaintiff alleges that he appealed, and the facts he stated were ignored by Defendants Davis and Vieyra. *Id*. Plaintiff states that his conviction was upheld. *Id*. at 5.

    As Count II, Plaintiff alleges false imprisonment. *Id*. at 3. Plaintiff alleges that he has been sitting in restrictive housing for over four and a half months based on the DR that should have been thrown out for lack of evidence. *Id*.

Plaintiff names as defendants:  Robert Vieyra, Deputy Warden; and Meghan Davis, CMII.  Plaintiff seeks $40,000 for "mental anguish, and for costing [him] his college education." *Id*. at 5.

Plaintiff attaches a letter to his Complaint dated February 11, 2025.  (Doc. 1–1.)  The letter, signed by Plaintiff, states that on December 5, 2024, he was written a DR by Cpl Brown for dangerous contraband "I.E. homemade stabbing device altered state fan and a nasal spray bottle with an unknown liquid inside."  *Id*.  Plaintiff states that the DR "never states that any photographs were taken of any of the evidence talked about in DR nor the disposition of evidence[.] [The] DR was served by CS1 Richards who never presented any photographs of any of the evidence spoken of in the DR."  *Id*.  Plaintiff alleges that after he appealed the guilty conviction, a photograph was then added to the appeal.  *Id*.

Plaintiff alleges that he was denied due process at his disciplinary proceedings and was falsely imprisoned when he was placed in restrictive housing based on the DR conviction.  The Court found in the MOSC that challenges to prison disciplinary proceedings must be raised in a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  *Abdulhaseeb v. Ward*, 173 F. App'x 658, 659 n.1 (10th Cir. 2006) (citing *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (petitions under § 2241 are used to attack the execution of a sentence, including the deprivation of good-time credits and other prison disciplinary matters); *Brown v. Smith*, 828 F.2d 1493, 1495 (10th Cir. 1987) ("If [the petitioner] can show that his due process rights were violated in the subject disciplinary proceedings, then § 2241 would be the appropriate remedy to use to restore his good time credits."); *see also Gamble v. Calbone*, 375 F.3d 1021 (10th Cir. 2004) (inmates were entitled to habeas relief on grounds that revocation of their earned credits resulting from unsupported disciplinary convictions violated due process),

*superseded by statute on other grounds as stated in Magar v. Parker*, 490 F.3d 816, 818–19 (10th Cir. 2007). Plaintiff may not challenge prison disciplinary actions and the loss of good time in this civil rights action, but may only do so by filing a petition for writ of habeas corpus.

The Court further found that Plaintiff cannot seek damages under § 1983 until his disciplinary conviction has been invalidated. Section 1983 is not applicable to "challenges to punishments imposed as a result of prison disciplinary infractions," unless the disciplinary conviction has already been invalidated. *Cardoso v. Calbone*, 490 F.3d 1194, 1199 (10th Cir. 2007). The Supreme Court has made clear that "a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). This rule applies not only when the prisoner challenges his conviction but also when he challenges punishments imposed as a result of prison disciplinary infractions. *Balisok*, 520 U.S. at 648. The Court found that Plaintiff failed to allege that his disciplinary conviction has been invalidated. In fact, he states that it was upheld on appeal.

The Court also found in the MOSC that Plaintiff does not have a constitutional right to a particular security classification or to be housed in a particular yard. Plaintiff also failed to allege that his assignment imposed any atypical and significant hardship in relation to the ordinary incidents of prison life.

Plaintiff does not have a constitutional right to dictate where he is housed, whether it is which facility or which classification within a facility. *See Schell v. Evans*, 550 F. App'x 553, 557 (10th Cir. 2013) (citing *Meachum*, 427 U.S. at 228–29; *Cardoso v. Calbone*, 490 F.3d 1194,

1197–98 (10th Cir. 2007).  Moreover, jail officials are entitled to great deference in the internal operation and administration of the facility.  *See Bell v. Wolfish*, 441 U.S. 520, 547–48 (1979).

In his response, Plaintiff asks the Court to overturn his guilty verdict in his disciplinary proceedings.  (Doc. 10, at 2.)  Plaintiff again argues that there were no photographs to support his DR and the photograph was added during the appeal.  *Id*. at 2–3.  Plaintiff again asserts that he is seeking $40,000 for "mental anguish."  *Id*. at 3.  Plaintiff attaches his college transcript and class grade information.  *See* Doc. 10–1.

Plaintiff's response fails to address the deficiencies noted in the MOSC. Plaintiff continues to challenge his prison disciplinary proceedings in this § 1983 action.  Such a challenge must be raised in a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  Plaintiff also continues to seek money damages although his disciplinary conviction has not been invalidated.  Plaintiff has failed to show good cause why his Complaint should not be dismissed for the reasons stated in the MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 9) is **denied.**

**IT IS FURTHER ORDERED** that the Clerk is directed to redact Plaintiff's date of birth from Doc. 10–1, at 1.

**IT IS SO ORDERED**.

Dated May 21, 2025, in Kansas City, Kansas.

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**